■ In the Matter of UNITY THEATRES CORP., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.

*Per Curiam.* Petitioner appeals from an order of Special Term reducing the tax assessments on the property located at 211 West 125th Street. The proceeding involved four tax years. For the first three years we are in substantial accord with Special Term's findings, and the order in respect to those years is affirmed. As to the last year, we agree with appellant that the assessment even with the reduction allowed still exceeded the fair value of the property.

Up to 1961–62 the property had been a moving picture theatre, with stores. In that year the theatre portion had been converted to a bowling alley. The actual rental for the stores was $26,400, which, with a vacancy allowance of 5%, would amount to $25,080. Appellant's brief virtually concedes a rental value of $30,000 for the bowling alleys. This figure represents the highest rental in the graded lease and was more than the amount actually payable in the year in question. Moreover, the obligation to reconstruct the premises for use as bowling alleys was on the tenant, and in the absence of acceptable proof of what the amortized proportion of this expense would be, it would appear that $30,000 is not an excessive rent for the year in question, and no higher rental value was shown. From the total of $55,080 there should be deducted expenses, which we find, from a study of those actually involved, would reduce the net return to $51,000, before real estate taxes. Both parties agree that capitalization of the net income is the proper gauge of value. The land value found by the court was $250,000. This was in accord with findings for prior years, coupled with testimony that land values in the area had not decreased. Allowing a return of 6% above taxes on the land, this would require roughly $25,000 of the income to be attributed to it, leaving a net of $26,000 to be applied to the building. The capitalization rate of 9½% plus taxes, while it does not accord exactly with either expert's testimony, approximates both. This would result in a value of $185,000, or a total for land and building of $435,000.

The assessment should be modified accordingly.

Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ., concur.

Order, entered on June 14, 1963, unanimously modified in accordance with the opinion *Per Curiam* of this court filed herein. Settle order on notice.